UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DANNY WILDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    No. 3:11 CV 203 |
| | ) |
| AM GENERAL LLC, | ) |
| | ) |
| Defendant. | ) |

## OPINION and ORDER

This matter is before the court on defendant's motion to dismiss plaintiff's complaint. (DE # 8.) For the reasons that follow, the motion is denied.

## I.    BACKGROUND

Plaintiff Danny Wilder's complaint against defendant AM General LLC alleges violations of the Americans with Disabilities Act, 42 U.S.C. § 2101 *et seq.*, as amended (the "ADA"). (DE # 1.) In his complaint, plaintiff alleges that defendant intentionally discriminated against him because it regarded or perceived plaintiff as disabled on a continuous basis during plaintiff's employment with defendant. (*Id.* ¶ 6.) Plaintiff further alleges that defendant refused to remove physical work limitations it has imposed on him, refused to return plaintiff to employment, and refused to classify plaintiff as eligible for employment. (*Id.*)

Defendant has moved to dismiss plaintiff's complaint pursuant to RULE 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to state a claim satisfying the

1

pleading requirements set forth in FEDERAL RULE OF CIVIL PROCEDURE 8. (DE # 8.) Plaintiff responded (DE # 12) and defendant replied (DE # 13), and the motion is now ripe for ruling.

## II. LEGAL STANDARD

RULE 8 of the FEDERAL RULES OF CIVIL PROCEDURE sets forth the pleading standard for complaints filed in federal court; specifically, that rule requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8. "The RULE reflects a liberal notice pleading regime, which is intended to focus litigation on the merits of a claim rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (internal quotation marks omitted). To satisfy RULE 8(a), "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Twombly,* 550 U.S. at 555, 570. A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To meet this standard, a complaint does not need detailed factual allegations, but it must go beyond providing "labels and conclusions" and "be enough to raise a right to relief above the speculative level."

*Twombly*, 550 U.S. at 555 (citing *Sanjuan v. Am. Bd. of Psychiatry & Neurology*, 40 F.3d 247, 251 (7th Cir. 1994) among other authorities). As the Seventh Circuit recently explained, a complaint must give "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010); *see also Sanjuan*, 40 F.3d at 251 (stating that the plaintiff does not need to plead facts that establish each element of a cause of action and that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint"). When evaluating the sufficiency of a complaint, the court must construe it in the light most favorable to the non-moving party, accept well-pleaded facts as true, and draw all inferences in the non-movant's favor. *Reger Dev., LLC v. Nat'l City Bank*, 595 F.3d 759, 763 (7th Cir. 2010).

### III. DISCUSSION

#### A. Sufficiency of Plaintiff's ADA Allegations

Defendant first argues that plaintiff has failed to plead sufficient facts regarding his ADA claim to satisfy RULE 8. The Seventh Circuit's opinion in *Swanson*, 614 F.3d 400, already discussed briefly, provides ample guidance for deciding defendant's motion on this point.

In *Swanson*, the Seventh Circuit held that the plaintiff's discrimination complaint satisfied RULE 8 because it identified the type of discrimination the plaintiff thought occurred (racial), by whom (a bank), and when (in connection with her efforts to obtain a home equity loan). *Id.* at 405. According to the Seventh Circuit, "[t]his was all that was needed to put in the complaint." *Id.* Under *Swanson*, a plaintiff alleging discrimination

3

need only allege "how, in the plaintiff's mind at least, the dots should be connected" to comply with *Twombly* and *Iqbal*. *Id.* at 405.

In this case, plaintiff's allegations satisfy RULE 8. Plaintiff asserts that he was discriminated against on the basis of his disability or perceived disability by her employer, defendant, continuously during his employment. (DE # 1 ¶ 6.) Plaintiff further specifies that defendant's discrimination came in at least the following forms: (1) defendant's refusal to remove the physical work limitations it had imposed on plaintiff; (2) defendant's refusal to return plaintiff to employment; and (3) defendant's refusal to classify plaintiff as eligible for return to employment. (*Id.*) Plaintiff has identified the basis of the alleged harassment (plaintiff's disability or perceived disability), the alleged perpetrators of the harassment (defendant AM General), and when the alleged harassment occurred (continuously through the present during plaintiff's employment with defendant). According to the Seventh Circuit, "[t]his was all that was needed to put in the complaint." *Swanson*, 614 F.3d at 405.

Plaintiff's allegations may present a very weak claim of discrimination, but giving plaintiff the benefit of imagination while keeping consistent with the complaint, *Sanjuan* 40 F.3d at 251, plaintiff has given enough details about the subject-matter of the case to present a story that holds together, *Swanson*, 614 F.3d at 404, and to allow the court to draw the reasonable inference that defendant is liable for the alleged conduct. *Iqbal,* 129 S. Ct. at 1949. Further, plaintiff's allegations give the defendant fair notice of what the claim is and the grounds upon which it rests. *Erickson*, 551 U.S. at 93.

Accordingly, the complaint satisfies RULE 8 as interpreted by the Seventh Circuit in *Swanson*.

Defendant cites a number of district court cases in support of its argument that plaintiff's complaint fails to state a claim because he fails to allege facts related to whether he is qualified to perform the essential functions of his position and what particular impairment defendant allegedly perceived plaintiff as possessing. (DE # 9 at 4-5 & DE # 13 at 1-2, citing *Walton v. U.S. Steel,* No. 2:10-cv-188, 2010 U.S. Dist. LEXIS 92172, at *8-10 (N.D. Ind. Sept. 3, 2010); *EEOC v. UPS,* No. 09-cv-5291, 2010 U.S. Dist. LEXIS 94401, at *10-13 (N.D. Ill. Sept. 10, 2010); *Abdul-Aziz v. Show Dep't, Inc.,* No. 09-cv-7609, 2010 U.S. Dist. LEXIS 89867, at *7-8 (N.D. Ill. Aug. 25, 2010); *Lord v. High Voltage Software, Inc.,* No. 09-cv-4469, 2010 U.S. Dist. LEXIS 29662, at *8 (N.D. Ill. Mar. 25, 2010).) All of these decisions were issued within only a few months of the Seventh Circuit's decision in *Swanson,* and one even predates *Swanson*. In light of the Seventh Circuit's explicit ruling in *Swanson* regarding the pleading requirements in discrimination cases, the court does not find the district court cases cited by defendant persuasive and declines to adopt their reasoning.

**B.      Sufficiency of Facts Regarding Timeliness of Complaint**

Defendant also argues that plaintiff failed to allege facts regarding the date on which he received a letter from the Equal Employment Opportunity Commission ("EEOC") explaining plaintiff's right to file his own lawsuit, an occurrence which would mark the starting point of plaintiff's 90-day period for filing his complaint.

Essentially, defendant argues that plaintiff has not alleged sufficient facts from which defendant might discern whether plaintiff's complaint was timely filed.

Under the ADA, a plaintiff must file his suit within 90 days from the date the EEOC gives notice of the plaintiff's right to sue. *Houston v. Sidley & Austin,* 185 F.3d 837, 838-39 (7th Cir. 1999) (citing the ADA provision governing timeliness of complaint, 42 U.S.C. § 12117(a), which incorporates by reference the provision of Title VII of the Civil Rights Act of 1968 governing the same, 42 U.S.C. § 2000e-5(f)(1)). Filing a claim within 90 days after the receipt of a right to sue letter is not a jurisdictional requirement. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393 (1981). The 90-day period is essentially a statute of limitations, and, like a statute of limitations, it can be waived or modified through equitable tolling. *See Zipes,* 455 U.S. at 393; *Luckett v. Rent-A-Center, Inc.,* 53 F.3d 871, 873 (7th Cir. 1995). A defendant's argument that a discrimination claim is untimely because it was filed outside the 90-day statute of limitations is therefore an affirmative defense. *Tregenza v. Great Am. Commc'ns Co.,* 12 F.3d 717, 718 (7th Cir. 1993).

"[C]omplaints need not anticipate and attempt to plead around defenses." *United States v. N. Trust Co.,* 372 F.3d 886, 888 (7th Cir. 2004). True, "[a] litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense," *U.S. Gypsum Co. v. Ind. Gas Co., Inc.,* 350 F.3d 623, 626 (7th Cir. 2003), but a plaintiff's omission of facts from her complaint which would ultimately defeat an affirmative defense does not justify dismissal. *Id.; Hollander v. Brown,* 457 F.3d 688, 691 n.1 (7th Cir. 2006). Accordingly, it is not fatal to plaintiff's complaint that it does not contain facts regarding the date on which he received his right-to-sue letter from the EEOC. Plaintiff

6

was not required to plead such facts, and his omission of them is not grounds for dismissal of this suit.

IV. **CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss (DE # 8) is **DENIED**.

**SO ORDERED.**

Date: February 10, 2012

                                    s/James T. Moody
                                    JUDGE JAMES T. MOODY
                                    UNITED STATES DISTRICT COURT